JOHN FEY v. JAMES R. SMITH.

The plaintiff agreed to purchase from the defendant a quantity of whiskey then owned by a third party, to be paid for when it should "arrive and be inspected" at a designated warehouse. The plaintiff made a partial payment on account of the price, but on the arrival and inspection of the whiskey at the warehouse, a dispute arose as to the exact quantity to be paid for, and the plaintiff refusing to make any further payment, the defendant sold the whisky. *Held*, in an action for conversion, that there being no delivery to the plaintiff, nor full payment by him of the price, no title passed to him, and he could not maintain the action.

The judge cannot, on the trial, take the assessment of damages from the jury, nor suspend judgment and order the exceptions to be heard in the first instance at General Term, except upon an uncontradicted state of facts.

Appeal, by the defendant, from a judgment at trial term.

The action was brought to recover for the unlawful conversion of 56 barrels of whiskey by defendant.

On the trial, the plaintiff proved that he agreed to purchase the 56 barrels of whiskey of the defendant, at 40 cents per gallon, and pay for it, when delivered and inspected at Warren's warehouse at Hunter's Point. It was sent by the defendant to the warehouse, and a dispute arose between the parties, whether the plaintiff was to take and pay for it at the guaging at the distillery where it was made, or at Hunter's Point warehouse, and the plaintiff refused to take it or pay for it. The defendant claimed that the bargain was, that the plaintiff should take the whiskey at the guaging at the distillery, and gave evidence on this point. The defendant called for payment from the time of its arrival, early in September, 1867, down to about February 11, 1868. The plaintiff had made a partial payment, but refused to pay the balance, at the guaging at the warehouse.

When the plaintiff rested, the defendant's counsel moved to dismiss the complaint on the ground that the plaintiff had no title to the property from his own showing. The motion was denied.

When the evidence was closed, the defendant's counsel submitted to the court requests for him to charge the jury, and requested the court to submit the questions of fact to the jury.

The court refused to submit the facts, and directed the jury to find a verdict for the plaintiff for $2,218.95, the exceptions in the first instance to be heard at the General Term.

The defendant appealed from the judgment.

*James Crombie*, for appellant.

I.—The court erred in refusing to submit the questions of fact to the jury, when requested. (*Bidwell* v. *Lament*, 17 How. Pr. 357; *Lake* v. *Artizan's Bank*, 3 Keyes, 276; *Purchase* v. *Matteson*, 25 N. Y. 211; *Howell* v. *Gould*, 3 Keyes 422; *Hoagland* v *Miller*, 16 Abbott Pr. 103.) The court can order exceptions to be heard in the first instance at the general term, only where the questions of fact are determined by the court or jury.

II.—The test to be applied is which party would have borne the loss, had the whiskey been destroyed before its arrival. Clearly the defendant, for he would not have fulfilled his contract. (*Russell* v. *Nicoll*, 3 Wend. 112; *Shields* v. *Pettie*, 4 N. Y. 122; *McDonald* v. *Hewett*, 15 Johns. 349.) When the plaintiff neglected and refused to pay for it, after its arrival at Warren's warehouse, the defendant had his election to hold it for the plaintiff, and sue him for the balance of the purchase price, or to disaffirm the contract and sell it. (*Bement* v. *Smith*, 15 Wend. 493; *Crooks* v. *Moore*, 1 Sandf. 297; *Fancher* v. *Goodman*, 29 Barb. 315.)

*Burton N. Harrison*, for respondent.

I.—The court was authorized by § 265 of the Code to direct the verdict. The case presents only questions of law. There was no question of fact, material to the issues made by the answer, which was in dispute,—none of the facts entitling the plaintiff to recover were controverted,—they were all proved by the plaintiff, and admitted by defendant. (*Cobb* v. *Cornish*, 16 N. Y. 602; *Whittaker* v. *Merrill*, 28 Barb. 526.) The true test, the rule to ascertain whether the judge at the Circuit is not at liberty to take the case from the jury, is to inquire whether, if the jury had found a verdict for the defendant, the

court would have been bound to set it aside. (*Sackett* v. *Spencer*, 29 Barb. 180.)

II.—The sale in this case was of goods *to arrive;* it was an executory contract, conditioned upon their arrival.

The moment they arrived the sale was executed and the property passed from the former owner to plaintiff. (*Reimers* v. *Ridner*, 2 Robt. 22; Benjamin on Sales, 436.) The construction of the contract "sold to arrive," was for the court,—the court could inform itself of the meaning of the term, as it did. The question whether and when the property passed, and the sale became executed, *cannot arise between the parties to this action,* however, *but only between plaintiff and the former owner.*

BY THE COURT.[*]—ROBINSON, J.—Whatever question might arise under the pleadings from the averment in the answer, that "the plaintiff requested the defendant to purchase for him fifty-six barrels of whiskey, and pay for the same, and procure the same to be delivered in bond, &c., and that plaintiff agreed with defendant, that he would pay the defendant for said whiskey, the price and sum of forty cents per gallon, &c.," none such could arise upon the proofs given by the plaintiff himself by which it appeared that the transaction was simply an agreement, made by plaintiff in August, 1867, to purchase from defendant fifty-six barrels of whiskey, then owned by other parties, and being in a distillery at Utica, which defendant was to purchase and bring to Hunter's point, paying transportation, and have ready for delivery there, at a bonded warehouse, to be paid for when it arrived and was inspected.

The whiskey arrived at the bonded warehouse about September 16, 1867, was bonded and inspected on or about the 26th of the same month, and partial payment was made on account. Disputes arose as to the true quantity to be paid for by plaintiff, but there was no evidence to show either a payment in full or any delivery of the whiskey to him.

Under these circumstances, no title ever passed, and, on

[*] Present Daly, Ch. J., Robinson and Larremore, J.J.

the plaintiff's own testimony, an action for the conversion of the goods was not maintainable.   The Judge erred in denying the motion for a dismissal of the complaint.   He also erred in directing the jury to find a verdict for the plaintiff for $2,218.95, and that the various exceptions taken by defendant should be heard in the first instance at General Term.  The general denial of the case stated in the complaint, was not avoided by the statement in the answer above referred to, that the defendant was to purchase the whiskey for the plaintiff, it being subsequently distinctly averred that the plaintiff should afterwards pay the defendant for the whiskey, forty cents per gallon; that he would take the measure and guage by which defendant purchased, and would bond the whiskey upon its arrival at Hunter's point, and alleged his failure to pay for the whiskey on arrival, and, being placed in a bonded warehouse, to bond it.

This, in substance, merely alleged an entire agreement with special details and breaches of its various stipulations on the part of the plaintiff, but disclosed no intervention as a broker or agent for plaintiff in purchasing the whiskey.

The facts it presented, if adopted as against the affirmative proofs produced by plaintiff, as to the nature of the transaction, disclosed conditions precedent, to wit: the payment of the price agreed and the bonding of the goods (so as to relieve him from responsibility for the goods, under the Revenue Laws), which were necessary to be done to effect a complete delivery, and vesting of title in plaintiff.

Regarding the answer irrespective of the proofs, as an admission of plaintiff's case, the Judge before whom the cause was tried, took the case from the jury, ordered a verdict for a particular amount upon evidence that was conflicting and uncertain as to the extent of the damages allowable in any event, and that the exceptions should be heard, in the first instance, at General Term.

The Judge could not take the assessment of damages from the jury, nor suspend judgment and order the exceptions to be heard, in the first instance at General Term, except upon an uncontroverted state of facts.   The judgment should be reversed and a new trial ordered, with costs to abide the event.

Judgment reversed.